69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James E. KING, Jr. Plaintiff-Appellant,
v.
EMERSON ELECTRIC COMPANY d/b/a Louisville Ladder, Defendant-Appellee.
 No. 93-3355.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1995.
 
 1
 Before TACHA and McWILLIAMS, Circuit Judges, and ELLISON,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 ELLISON, Senior District Judge.
 
 
 4
 Plaintiff James E. King, Jr. was injured on March 27, 1989, when he fell from an extension ladder. He brought this products liability and strict negligence claim against the manufacturer of the ladder, Emerson Electric. His theory of the case was that the 32 foot aluminum extension ladder he was using at the time of the accident "telescoped" as he climbed up the fly section of the ladder. He alleged that the telescoping was due to a "false lock" condition whereby the rung locks were not engaged although the ladder was extended.
 
 
 5
 Mr. King testified that he fell from the ladder because it telescoped, and not because of a gust of wind. However, there was evidence that he stated shortly after the accident that the wind caused him to fall. The president of Airtech, the company for which Mr. King was working at the time of the accident, testified that he went to the accident site immediately after the accident and found the ladder fully extended with its rungs locked into place. Another Airtech employee testified that Mr. King told her that the wind caught him and caused him to fall.
 
 
 6
 The jury returned a verdict for Emerson Electric. Mr. King argued in his motion for new trial, and on appeal that the trial court erred by declining to hold an evidentiary hearing or grant a mistrial because of a disparaging comment made by a juror during counsel's cross-examination of a witness; that the court erred by excluding copies of pleadings from three previous lawsuits asserting product liability claims against Emerson Electric; that the court erred in refusing a jury view of the ladder from which Mr. King fell, as well as an "exemplar" ladder, and a competitor's ladder; and that the cumulative effect of the asserted errors warrants a new trial.
 
 Standard of Review
 
 7
 The standard of review for on the denial of a new trial is abuse of discretion. Buchanan v. Sherrill, 51 F.3d 227, 230 (10th Cir.1995).
 
 I. Juror Misconduct
 
 8
 During Mr. Pickett's cross examination of a witness, one juror commented: "He makes me so mad. Bastard. Bastard." The remark was overheard by a law clerk (counsel's son) seated at the counsel table, and by two other jurors who "visibly reacted" to the comment. Plaintiff argues that the court should have conducted an immediate inquiry into the occurrence, to determine the possibility of hostility or prejudice by the juror.
 
 
 9
 Defendant argues that the Court found that the statement was not misconduct, and did not violate any part of the juror's oath. The court concluded that the statement only showed that the juror did not approve of Mr. Pickett's courtroom demeanor and did not indicate that the juror had any improper prejudice against plaintiff. The Court declined to hold a hearing because it was concerned about the potential for confusion and harm to both parties, but gave an instruction regarding prejudice against parties, and the issue was mentioned in closing argument.
 
 
 10
 The trial court carefully considered the issue, weighing the benefits and problems created by talking to the involved juror. Moreover, it is presumed that the jury followed instructions absent evidence to the contrary. United States v. Davis, 1 F.3d 1014, 1016 (10th Cir.1993). We do not find that the trial court abused its discretion in declining to grant a mistrial or hold a hearing on the issue.
 
 II. Exclusion of Evidence
 
 11
 Plaintiff also argues that it was improper to exclude the complaints in three previous cases against defendant. He claims that the pleadings demonstrate that defendant had notice of the problems with "false lock," and, in fact, had previously been sued for such problems. The trial court noted that evidence of similar accidents involving the same product is admissible to establish notice, the existence of a defect, or to refute testimony given by a defense witness that a given product was designed without safety hazards. Ponder v. Warren Tool Corp., 834 F.2d 1553, 1560. However, the court did not allow the pleadings, finding that notice was not an issue because defendant admitted that it knew that "false lock" could occur, and that mere complaints would not be probative on defect or dangerousness. We do not find that the court abused its discretion in excluding the complaints.
 
 III. View of Ladders
 
 12
 Plaintiff also argues that the Court erred in refusing to permit the jury to view the ladder involved, an exemplar ladder, and a competitor's ladder that were too large to bring into the courtroom, but were available on the courthouse loading dock. Plaintiff argues that the refusal was an abuse of discretion because the Court allowed only a small replica to be examined by the jury. Plaintiff argues that if there is sufficient evidence without the information provided by the view, and if there are substantial time and distance problems related to accomplishing a view, the denial of the view will be upheld. See, e.g., Apostol v. United States, 838 F.2d 595 (1st Cir.1988). Plaintiff asserts that those factors are not present in this case.
 
 
 13
 The Court did not allow the view, finding that a smaller ladder with identical mechanisms was available in the courtroom, that plaintiff presented photographs and videotaped demonstrations involving the ladder, and that plaintiff was unable to demonstrate that the ladder was in the same condition as at the time of the accident. Based on these considerations denial of the view was not an abuse of discretion.
 
 IV. Fundamental Fairness
 
 14
 Mr. King argues that the cumulative impact of the errors deprived him of a fair trial. However, in order to prevail under either of these cumulative error analyses, Mr. King must show actual error. United States v. Tome, 3 F.3d 342, 353 (10th Cir.1993), rev'd on other grounds, 115 S.Ct. 696 (1995); United States v. Rivera, 900 F.2d 1462 (10th Cir.1990). In this case, we find no error, and therefore no fundamental unfairness.
 
 
 15
 The Judgment of the trial court is affirmed.
 
 
 
 *
 The Honorable James O. Ellison, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470